UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYRONE WASHINGTON,

        Petitioner,

    v.

GARRETT LANEY,

        Respondent.

Case No. 6:17-cv-02052-MC

OPINION AND ORDER

MCSHANE, District Judge:

Petitioner, a former inmate at Oregon State Correctional Institution, brought this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner alleges that his right to procedural due process was violated in 2016, when the Oregon Board of Parole and Post-Prison Supervision (the Board) deferred his parole release date for twenty-four months. Because Petitioner's release from custody has rendered his petition moot, and because he was afforded adequate process by the Board,  the petition is denied and this case is Dismissed.

DISCUSSION

In 1987, petitioner was convicted of Aggravated Murder, Felony Murder, Robbery in the First Degree, and Kidnapping in the First Degree. With respect to the Aggravated Murder and

1 - OPINION AND ORDER

Felony Murder convictions, Petitioner was sentenced to a life term with the possibility of parole after thirty years served. On the remaining counts he received consecutive 20-year indeterminate terms, each with a ten-year minimum. Resp't Ex. 101.

In 2008, the Board found that petitioner was likely to be rehabilitated in a reasonable period of time. In 2011, the Board set a projected parole release date of July 22, 2016. Resp't Ex. 102 at 7. On January 19, 2016, the Board held a parole review hearing and deferred petitioner's projected release date to July 22, 2018, based on its finding that petitioner suffered "from a present severe emotional disturbance that constitutes a danger to the health or safety of the community." Resp't Ex. 102 at 5. Petitioner sought administrative and judicial review of the Board's decision, and petitioner's claims were denied. Resp't Ex. 102 at 7-9; Resp't Exs. 108-09.

On December 27, 2017, petitioner filed the instant federal habeas petition. He alleges that: 1) the Board's decision was not supported by a psychological diagnosis sufficient to warrant the deferral of parole; 2) the Board failed to adequately state the reasons for its decision; 3) the Board erroneously relied on hearsay statements contained in a presentence investigation report and a psychological evaluation; 4) the Board's decision was not supported by substantial evidence; and 5) the Board erroneously relied on inaccurate psychological testing. Pet at 5-15 (ECF No. 2). Petitioner asks that this Court vacate the order of the Board and issue other appropriate relief.

In response to the petition, respondent maintains that petitioner's release on July 20, 2018 renders his § 2254 challenge moot. *See e.g., Burnett v. Lampert*, 432 F.3d 996, 999-1000 (9th Cir. 2005). Petitioner has not filed a supporting brief in support of his petition or otherwise refuted respondent's assertions. I also note that mail addressed to petitioner was returned on

September 14, 2018 and marked "Not an Oregon inmate." (ECF No. 26); *see* L.R. 83-12 (authorizing dismissal when the failure to update an address continues for sixty days).

Upon review of the record, I agree that petitioner's claims are moot. "The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution." *GTE Cal., Inc. v. Fed. Commc'n Comm'n*, 39 F.3d 940, 945 (9th Cir. 1994). A claim is considered moot if it has lost its character as an actual, "live" controversy, and if no effective relief can be granted. *Id.* To determine whether a claim is moot, the court must consider changing circumstances that arise after the action is filed. *Am. Civil Liberties Union v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006). Based on petitioner's release from custody after his petition was filed, it is unclear how this Court could fashion any type of meaningful relief in this case; particularly when petitioner does not challenge his underlying conviction or the lawfulness of any continuing supervision. *Burnett*, 423 F.3d at 999-1000 (finding that the petitioner's challenge to the deferral of parole was moot after his subsequent release and reincarceration, when the petitioner did not challenge the legality of his original conviction or allege that he suffered "from any collateral consequences as a result of the deferral of his parole release date").

Even if petitioner's claims were not moot, they fail on the merits. The procedures necessary to satisfy due process requirements in the parole context are minimal and include only the opportunity to be heard and a statement of reasons explaining why parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 220-221 (2011). "Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly." *Id.* at 222. Here, petitioner received at least the minimal amount of process he was due: he received notice of the parole review hearing, he had an opportunity to be heard before and during the hearing, and the Board provided a statement

3 - OPINION AND ORDER

explaining its decision to defer petitioner's parole release date. Resp't Ex. 102 at 2-9; Ex. 103 at 63-72, 75-133. To the extent petitioner raises a challenge to the Board's implementation of Oregon law, it is well established that federal habeas relief is not available to remedy alleged violations of state law. *See Swarthout*, 562 U.S. at 222 (reiterating that "a 'mere error of state law' is not a denial of due process") (citations omitted).

Accordingly, petitioner is not entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __6th__ day of February, 2019.

                                          s/ Michael J. McShane  
                                          Michael J. McShane  
                                          United States District Judge